**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| GLOBAL BROTHER SRL, a Romanian Societate cu Raspundere Limitata, <br><br> Plaintiff, <br><br> v. <br><br> BILLAL HOSSAIN and LIZBEEN LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) Case No.: 8:26-cv-1050 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF GLOBAL BROTHER SRL'S COMPLAINT**

Global Brother SRL ("Plaintiff"), by and through its undersigned counsel, files this Complaint against BILLAL HOSSAIN and LIZBEEN LLC (collectively, "Defendants") and alleges as follows:

**NATURE OF THE ACTION**

This is a civil action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), for misrepresentation under 17 U.S.C. § 512(f), and for related violations of Florida law. This action is to address the unauthorized reproduction, distribution, and public display of Plaintiff's protected works by the Defendants.

1.      Plaintiff is a worldwide publisher of popular books directed to health and wellness. It has invested substantial resources in creating, distributing,

1

advertising and protecting its book content, cover artwork, titles, trademarks, trade dress, and related intellectual property rights.

2.     Defendants, without authorization or license, engaged in the unauthorized dissemination of Plaintiff's works through online platforms to misrepresent source, misrepresent rights, and misleading consumers in this District, causing financial and reputational harm to Plaintiff. Defendants copied, advertised, offered for sale, and distributed unauthorized versions of Plaintiff's works through online platforms in and directed to this District, thereby misrepresenting source, affiliation, sponsorship, and rights in the works, causing harm to Plaintiff.

3.     Through this action, Plaintiff seeks to protect its exclusive rights under federal and state laws and prevent further harm caused by Defendants' ongoing infringing acts. Plaintiff seeks injunctive relief, statutory damages, actual damages, attorneys' fees, and other relief as the Court deems just and proper to remedy the harm caused by Defendants' unlawful conduct.

**JURISDICTION AND VENUE**

4.     This Court possesses subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the claims arise under the Constitution, laws, or treaties of the United States, including but not limited to the Copyright Act (17 U.S.C. § 101 et seq.) and the Lanham Act (15 U.S.C. § 1051 et seq.).

5.     This Court further has jurisdiction under 28 U.S.C. § 1338(a) because this action arises under Acts of Congress relating to copyrights and

trademarks, and under 28 U.S.C. § 1338(b) because the unfair competition claims are joined with substantial and related federal intellectual property claims.

6.      This Court also has jurisdiction under 15 U.S.C. § 1121, which provides that the district and territorial courts of the United States shall have original jurisdiction over all actions arising under the Lanham Act.

7.      This Court additionally has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), as the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper in this District under 28 U.S.C. § 1391(b) as Defendant directs unlawful activities toward this District, including conducting business, advertising, selling, and/or distributing infringing products within this District.

9.      Defendant is subject to this Court's jurisdiction because, pursuant to the Digital Millennium Copyright Act (DMCA) counter-notice, Defendant is located in this District and expressly consents to jurisdiction in this District.

**PARTIES**

10.      Plaintiff, Global Brother SRL, is a Romanian Societate cu Raspundere Limitata (SRL) organized and existing under the laws of Romania, with principal place of business located at Ghiozdanului 22A Lighthouse Residence, Bucharest, Romania. Plaintiff is engaged in the business of publishing, selling, distributing, and advertising books in the United States and

3

internationally. Plaintiff owns and holds all rights, title, and interest in and to the intellectual property associated with various book titles including "FORGOTTEN HOME APOTHECARY."

11.     Defendant BILLAL HOSSAIN is an individual located and doing business in this District and has used the address 7901 4th Street North, St. Petersburg, Florida 33702 (Counter notice, Exhibit A). Upon information and belief, HOSSAIN operates online retail businesses, including the sale and offering for sale of books, and is the sole owner, manager, and controlling person of co-Defendant LIZBEEN LLC. HOSSAIN personally participated in, directed, authorized, controlled, and benefited from the acts alleged herein and is liable individually and jointly with LIZBEEN LLC.

12.     LIZBEEN LLC is a Florida limited liability company with a principal address of 7901 4th St. N, Ste. 10564, St. Petersburg, Florida 33702. Public Florida records identify LIZBEEN LLC as inactive and administratively dissolved for failure to file an annual report. Upon information and belief, however, LIZBEEN LLC continues to act and be used in commerce in connection with the infringing conduct alleged herein. LIZBEEN LLC was and is wholly owned, dominated, and controlled by HOSSAIN, had no separate will of its own in connection with the wrongful conduct alleged herein, and functioned as HOSSAIN's alter ego and instrumentality (Articles of Organization, Exhibit B).

4

13.   Defendants acting jointly and severally, through online websites, Shopify, and other platforms to be discovered, engaged in unlawful advertising, sale, and distribution of infringing materials through their owned and controlled website, zenvorag.com, and Shopify outlets, including Plaintiff's book, "FORGOTTEN HOME APOTHECARY."

14.   The Defendants' unlawful use is directed to consumers in Florida and in interstate commerce, including the transmission, advertisement, offering for sale, and transportation of infringing materials to consumers in this District.

## FACTUAL BACKGROUND

15.   Plaintiff is the exclusive owner of all rights, title, and interest in and to book "FORGOTTEN HOME APOTHECARY" based on, but not limited to its registered copyrights, registered trademarks, common law rights and distinctive trade dress, including the following:

a. TRADEMARK: Plaintiff has acquired common-law trademark rights in the title and cover presentation "FORGOTTEN HOME APOTHECARY" through continuous and extensive use in commerce. Plaintiff's ownership rights are further confirmed by U.S. Trademark Registration Nos. 7943781 and 8065574, which protect the stylized mark and standard-character wording, respectively, for books and related publication services (USPTO Federal TM Registrations, <u>Exhibit C</u>).

b. COPYRIGHT: Plaintiff owns U.S. Copyright Registrations for "FORGOTTEN HOME APOTHECARY," including the cover artwork and text,

including Registration Nos. VAu 1-538-856, VAu 1-533-601, TXu 2-445-163, and TXu 2-446-715 (US Federal Copyright Registrations, Exhibit D).

16.    The book, FORGOTTEN HOME APOTHECARY, comprises: a rectangular image bordered by a brown wood frame design, depicting multiple horizontal shelves filled with bottles, jars, and containers arranged in rows. Centered over the shelves is a cream-colored rectangular label with a red banner across the middle containing the word "APOTHECARY" in large stylized lettering, with the words "Forgotten Home" positioned above and the number "250" displayed below in green. Beneath "250" appears the phrase "Powerful Remedies at Your Fingertips" in smaller text. Decorative green plant elements appear around the central label, partially overlapping the shelves and framing the text. At the bottom of the cover, the name "Nicole Apelian Ph.D." appears centered within the lower portion of the frame, as in the following:



17.    Plaintiff's foregoing book has been extensively marketed, distributed, and sold in the United States since at least as early as August 2024, generating substantial consumer recognition and goodwill. As a result of this continuous use and promotion, Plaintiff has established enforceable common law rights in the content, title, design, and trade dress of the book.

18.    On or about end or March 16, 2026, Plaintiff discovered Defendants were advertising and selling counterfeit, unauthorized versions of Plaintiff's "FORGOTTEN HOME APOTHECARY" through Shopify and a Shopify-hosted website, including at:

• https://shop.app/products/8158423646255/forgotten-home-apothecary-250-powerfulremedies-at-your-fingertips; and,

• https://zenvorag.com/products/forgotten-home-apothecary-250-powerful-remediesat-your-fingertips.

19.    The foregoing unauthorized uses were exact copies of Plaintiff's book and its copyrights, trademarks, and distinctive trade dress, created a false impression of affiliation, and infringed Plaintiff's federally protected rights. Upon information and belief, Defendants were aware of the commercial success, public visibility, and consumer recognition of FORGOTTEN HOME APOTHECARY, including its status as a leading seller on Amazon during the relevant period, and intentionally advertised and sold Plaintiff's work to capture traffic, divert sales, and profit from rights they did not own.

20.     To safeguard its intellectual property rights and mitigate consumer confusion, on or about March 16, 2026, Plaintiff filed a Digital Millennium Copyright Act (DMCA) takedown notice with Shopify regarding the unauthorized content (Plaintiff's Takedown, <u>Exhibit E</u>). Following its complaint, the Defendants' infringing listings were suspended, albeit temporarily pending resolve.

21.     On or about March 23, 2026, BILLAL HOSSAIN, filed a Counter-Notice, claiming the takedown was made in error and asserting a "good faith belief" that Defendant's actions were lawful (Shopify email with counter notice, <u>Exhibit A</u>). Under Shopify's policy subject to the DMCA, the infringing advertisements may now be reinstated within 10-14 business days, unless Plaintiff files a federal lawsuit.

22.     Between March 25, 2026 and April 9, 2026, Plaintiff sent correspondence to Defendants confirming Plaintiff's ownership and requesting information in order to attempt to begin facilitating resolution and avoid litigation (Plaintiff counsel emails, <u>Exhibit F</u>). The email address used was the one identified by the Defendants as their contact information in the DMCA counter-notice (lizbeenllc@gmail.com) and the correspondences were not returned as undeliverable.  Defendant has not responded. As of the date of this complaint, the Defendants' website remains active and has an email contact of

8

bareflora3@gmail.com, https://zenvorag.com/policies/contact-information,

(Exhibit G).

23.   Upon information and belief, the Defendants have engaged and continue to engage in additional infringements. Further discovery will reveal the full scope of Defendants' infringing activities, including additional unauthorized reproductions, sales, and operations.

24.   Defendants' actions and inaction now leave Plaintiff no alternative but to initiate this lawsuit to prevent ongoing harm, reinstatement of the infringing listings, and seek damages. Defendant's wrongful acts, including but not limited to copyright infringement, trademark and trade dress infringement, and false advertising, have caused irreparable harm to Plaintiff's reputation, consumer goodwill, and financial interests. Plaintiff has suffered and will continue to suffer substantial damages unless Defendants are enjoined by the Court.

## CLAIMS FOR RELIEF

### COUNT I
### COPYRIGHT INFRINGEMENT
### [17 US CODE § 501]

25.   Plaintiff realleges and incorporates by reference allegations of ¶¶ 1-24 as though fully set forth herein.

26.   Plaintiff is the lawful owner of valid and enforceable U.S. Copyright Registrations for the "FORGOTTEN HOME APOTHECARY" including its

contents and cover artwork, which confer exclusive rights under 17 U.S.C. § 106, including the rights to reproduce, distribute, display, and create derivative works based on the copyrighted material.

27.　Defendants, without authorization or consent, willfully and unlawfully reproduced, distributed, and displayed counterfeits and/or unauthorized copies of Plaintiff's copyrighted materials in violation of 17 U.S.C. § 501 continuously from the time beginning from at least as early as March 2026 through the present, and on information and belief at other times to be revealed in discovery. Acts of infringement occurred after Plaintiff received its copyright registrations.

28.　Defendants' actions constitute willful infringement as defined under the Copyright Act, entitling Plaintiff to enhanced statutory damages under 17 U.S.C. § 504(c). Under 17 U.S.C. § 505, Plaintiff seeks recovery of its attorneys' fees, costs, and expenses incurred in this action because of Defendant's infringing activities.

29.　As a direct and proximate result of the Defendants' infringing acts, the Plaintiff suffered and will continue to suffer irreparable harm and economic damages for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, the foregoing infringing acts will continue to cause irreparable injury to Plaintiff.

30.　Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting reproduction, distribution, display, advertisement,

10

offering for sale, sale, and other infringement of Plaintiff's copyrighted works, and ordering the impoundment, destruction, or other disposition of unauthorized copies as permitted by law.

## COUNT II

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)]

31. Plaintiff realleges and incorporates by reference allegations of ¶¶ 1-24 as though fully set forth herein.

32. Plaintiff owns enforceable common law trademarks and trade dress rights in and to the non-functional, unique design of its book, cover and title.

33. The Plaintiff's trade dress has been in continuous use in U.S. interstate commerce by Plaintiff prior to any date which can be legally claimed by the Defendants.

34. Plaintiff's trade dress is inherently distinctive and/or has acquired distinctiveness and secondary meaning based on substantial promotion, sales, marketing, and Plaintiff's use in U.S. commerce. Consumers associate the unique title, cover presentation, and overall design of the book as originating exclusively from Plaintiff.

35. Defendants' unauthorized use of Plaintiff's trade dress, titles, and overall designs constitutes false and misleading representations of fact that are likely to cause confusion or mistake, or to deceive the public as to the origin,

sponsorship, or approval, and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

36. As a direct and proximate result of the foregoing acts, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, royalties, and other damages in an amount to be determined at trial, and continues to suffer irreparable harm, loss of goodwill, and monetary damages as a direct result of Defendants' unfair competition.

37. Plaintiff seeks damages, including Defendant's profits, actual damages, and costs, pursuant to 15 U.S.C. § 1117(a), as well as injunctive relief to prevent further acts of unfair competition. Because Defendants' acts were willful, this is an exceptional case entitling Plaintiff to seek an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT III

## FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114]

38. Plaintiff realleges and incorporates by reference allegations of ¶¶ 1-24 as though fully set forth herein.

39. Plaintiff is the owner of a valid federal registration for the mark FORGOTTEN HOME APOTHECARY including U.S. Registration Nos. 7943781 and 8065574 for books and related publication services.

40. Plaintiff's registrations are valid, in full force and effect.

41. Without Plaintiff's consent, Defendants used in commerce a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered

marks in connection with the advertising, offering for sale, distribution, and/or sale of goods or services, namely books and distribution thereof.

42. Defendants' use of Plaintiff's registered marks is likely to cause confusion, mistake, or deception as to the source, affiliation, sponsorship, or approval of Defendants' goods or services.

43. Defendants' conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114.

44. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damage unless Defendants are enjoined. Plaintiff is entitled to recover Defendants' profits, Plaintiff's damages, costs, and, in this exceptional case, attorneys' fees, together with preliminary and permanent injunctive relief.

## COUNT IV

### MISREPRESENTATION, COUNTER-NOTICE
### [17 U.S.C. § 512(F)]

45. Plaintiff realleges and incorporates by reference allegations of ¶¶ 1-24 as though fully set forth herein.

46. Defendant knowingly and materially misrepresented their rights and authority to distribute and display the infringing books in the counter-notice.

47. Defendants' false assertions in the counter-notice constitute a violation of 17 U.S.C. § 512(f), as they acted with actual knowledge of the falsity of their claims or reckless disregard for the truth.

48.    As a result of Defendants' misrepresentations, Plaintiff has suffered and will continue to suffer damage, including but not limited to costs and attorneys' fees incurred in addressing Defendants' unlawful conduct including but not limited to having to file this complaint.

## COUNT V

### VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FLA. STAT. § 501.204)

49.    Plaintiff realleges and incorporates by reference allegations of ¶¶ 1-24 as though fully set forth herein.

50.    The Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 et seq., prohibits unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce. This statute aims to protect consumers and legitimate business entities from harm caused by such unlawful practices.

51.    Defendant engaged in conduct that violates FDUTPA by advertising, offering for sale, and attempting to distribute a counterfeit version of Plaintiff's book, "FORGOTTEN HOME APOTHECARY." This conduct is unfair and deceptive for the following reasons:

a.    Deceptive Representation of the Book's Origin: Defendants deliberately replicated the title, trade dress, and cover design of Plaintiff's book, misleading consumers into believing the infringing book is either affiliated with, authorized by, or a genuine product of Plaintiff.

14

b.      False and Misleading Advertising: Defendants used deceptive advertisements on Shopify and related online storefronts that prominently displayed a counterfeit version of Plaintiff's book, creating confusion among consumers about the source and quality of the product.

c.      Use of a Knockoff Product to Mislead Consumers: Defendants mimicked Plaintiff's distinctive trade dress and design to unlawfully capitalize on the goodwill, reputation, and established consumer trust associated with Plaintiff's book.

d.      This tactic was designed to confuse consumers while evading detection by Plaintiff and online platforms such as Shopify.

e.      Harm to Consumers: Consumers who purchased the infringing book received a counterfeit product that was not authorized or endorsed by Plaintiff. This deception caused consumers to suffer financial loss and diminished trust in Plaintiff's brand.

52.     Defendants' acts occurred in trade or commerce and caused actual damage to Plaintiff, including lost sales, diverted business, and other economic injury.

53.     As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiff has suffered significant harm, including but not limited to loss of sales and market share due to diverted business, damage to reputation and goodwill, and consumer confusion that undermines trust in Plaintiff's authentic product.

15

54. Under Fla. Stat. § 501.211, Plaintiff is entitled to recover actual damages incurred because of Defendants' FDUTPA violations, including compensation for lost revenue, reputational harm, and other economic injuries.

55. Plaintiff further seeks equitable relief under FDUTPA, including injunctive relief to prevent Defendants from engaging in further deceptive and unfair practices. Such relief is necessary to safeguard Plaintiff's business interests and to protect consumers from ongoing harm.

56. Pursuant to Fla. Stat. § 501.2105, Plaintiff also seeks recovery of its attorneys' fees and costs incurred in prosecuting this action, as Defendants' conduct falls squarely within the ambit of FDUTPA's prohibitions.

## COUNT VI
## UNJUST ENRICHMENT (FLORIDA LAW)

57. Plaintiff realleges and incorporates by reference allegations of ¶¶ 1-24 as though fully set forth herein.

58. Defendants have unlawfully benefitted from the unauthorized use of Plaintiff's intellectual property, deriving substantial revenue and goodwill at Plaintiff's expense.

59. Defendant used Plaintiff's distinctive book title(s), trade dress, and associated goodwill to market and sell unauthorized, counterfeit copies of "FORGOTTEN HOME APOTHECARY."

16

60.    Defendants knowingly replicated Plaintiff's unique books design, including the layout, patterns, and color scheme, to deceive consumers into purchasing the counterfeit book under the false impression that it was associated with Plaintiff.

61.    By capitalizing on Plaintiff's intellectual property and goodwill, Defendant unjustly obtained significant financial benefits, including but not limited to: Revenue generated from the sale of counterfeit books; Cost savings by avoiding investment in original design, marketing, and branding efforts; and Consumer trust and market recognition built upon Plaintiff's established reputation.

62.    Plaintiff never authorized Defendants to use its intellectual property or to benefit from its reputation and goodwill. Defendants' unauthorized use constitutes unlawful conduct that has harmed Plaintiff financially and reputationally.

63.    Defendants knew or should have known that their actions were unauthorized, unlawful, and performed directly at Plaintiff's expense. Defendants acted willfully and deliberately to exploit Plaintiff's intellectual property for financial gain, with full knowledge that they had no right to do so.

64.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered significant harm, including: Loss of revenue and market share due to diverted sales; Reputational harm caused by consumer confusion and association with counterfeit goods; and Diminished goodwill in the marketplace. Equity and

17

good conscience require that Defendants disgorge all profits and other financial benefits unjustly obtained through their wrongful conduct.

65.    Plaintiff is entitled to restitution of all ill-gotten gains and any other equitable relief deemed just by this Court. Equity demands that Defendants should not be permitted to retain the benefits unjustly obtained through their wrongful conduct. This count is pleaded in the alternative to the extent any portion of Plaintiff's recovery is found not to be governed by an express statutory remedy.

**COUNT VII**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**
**(FLORIDA LAW)**

66.    Plaintiff realleges and incorporates by reference allegations of ¶¶ 1-24 as though fully set forth herein.

67.    Plaintiff has established and ongoing business relationships with its customers, distributors, and online retailers, including but not limited to Shopify, where Plaintiff's book "FORGOTTEN HOME APOTHECARY" is sold. These relationships are built on trust, reputation, and consistent delivery of authentic, high-quality products.

68.    Defendants, with knowledge of these relationships, intentionally and unjustifiably interfered by introducing counterfeit goods into the market, diverting sales and eroding consumer trust in Plaintiff's authentic product.

69.    Defendants were aware, or should have been aware, of Plaintiff's business relationships and the goodwill associated with its intellectual property.

18

This knowledge is evidenced by Defendants' deliberate replication of Plaintiff's title, trade dress, and book design to target and exploit Plaintiff's customer base and online retail channels, including Shopify and other online storefronts.

70. Defendants intentionally and unjustifiably interfered with Plaintiff's business relationships by engaging in the following actions: Advertising and selling counterfeit versions of Plaintiff's books, thereby diverting sales from Plaintiff's legitimate product; Creating consumer confusion by mimicking Plaintiff's trade dress and title, leading customers to believe they were purchasing Plaintiff's authentic product; Filing a counter-notice with Shopify to reinstate their infringing listings, undermining Plaintiff's ability to protect its intellectual property rights and maintain its business relationships with Shopify and its customers.

71. Defendants' conduct was not privileged, justified, or excused. Their actions were willful and malicious, intended to profit at Plaintiff's expense by exploiting Plaintiff's established reputation and business relationships.

72. As a direct and proximate result of Defendants' tortious interference, Plaintiff has suffered significant harm, including but not limited to: Loss of sales and revenue due to diverted business opportunities; Damage to its reputation and goodwill, as consumers mistakenly associate the counterfeit goods with Plaintiff's brand; Impairment of its business relationships with customers and online platforms such as Shopify, which rely on Plaintiff's ability to deliver authentic and trusted products.

73.   Plaintiff seeks actual and compensatory damages for the financial and reputational harm caused by Defendants' interference. Plaintiff further seeks punitive damages to deter Defendants and others from engaging in similar wrongful conduct, as well as any other equitable relief this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendants as follows:

·   Permanent injunctive relief prohibiting Defendants from further infringing, unfair competition, and deceptive practices;

·   Statutory damages under the Lanham Act and Copyright Act, including enhanced statutory damages for willful copyright infringement to the extent permitted by law;

·   Actual damages, including lost profits and compensation for reputational harm and economic injury;

·   Treble damages for willful violations of the Lanham Act under 15 U.S.C. § 1117;

·   Defendants' profits, Plaintiff's actual damages, and, where available, enhanced damages under 15 U.S.C. § 1117;

·   An accounting and disgorgement of Defendants' profits from infringing activities;

·        Attorneys' fees, costs, and expenses under 17 U.S.C. § 505, 15 U.S.C. § 1117, Fla. Stat. § 501.2105, and other applicable law;

·        An order requiring the destruction or forfeiture of all infringing materials in Defendants' possession.

·        Restitution for unjust enrichment under Florida law.

·        Any additional relief the Court deems just and equitable.


Dated: <u>April 10, 2026</u>



DeFrancescoLaw

/s/ Jason DeFrancesco

_____
Jason DeFrancesco, FL BAR 0702587
174 Nassau Street, No. 325
Princeton, NJ 08542
(910) 833-5428
office@defrancesco.law

Counsel for Plaintiff,
GLOBAL BROTHER SRL.

21