**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GLOBAL BROTHER SRL,**
**A Romanian Societate cu**
**Raspundere Limitata,**

**Plaintiff,**

**v.** **Case No. 8:26-cv-1050-MSS-AAS**

**BILLAL HOSSAIN and**
**LIZBEEN LLC,**

**Defendants.**

______________________________________/

**ORDER**

Plaintiff Global Brother SRL (Global Brother), requests leave to serve a third-party subpoena prior to a Rule 26(f) Conference. (Doc. 14). Global Brother also requests a limited extension of the deadline to effect service on the current individual defendant. (*Id.*). For the reasons below, the motion is **GRANTED**.

## I. BACKGROUND

Global Brother initiated this action in April 2026. Global Brother alleges copyright infringement, trademark infringement, misrepresentation under the Digital Millennium Copyright Act (DMCA), and related Florida law claims against Defendants Billal Hossain and Lizbeen LLC. (Doc. 1). According to Global Brother, the defendants unlawfully advertised, offered for sale, and distributed unauthorized copies of the plaintiff's protected book and related

intellectual property through Shopify associated online storefronts. (*Id.*). Through its investigation, Global Brother identified Billal Hossain as the individual defendant. (*Id.*). Global Brother unsuccessfully attempted to serve Billal Hossain at the address provided in the DMCA counter notice. (Doc. 14, p. 2). The process server returned a Return of Non-Service. (Doc. 13). The office at the provided address belongs to Registered Agents Inc. and, according to the Return of Non-Service, no one at that office is authorized to accept personal service for Billal Hossain. (Doc. 14, p. 2). In addition, Global Brother previously filed a return of service reflecting service on an individual, at that time, believed to be Billal Hossain. (Doc. 9). Subsequently, Global Brothers received written correspondence from that individual stating the summons and complaint do not pertain to him. (Doc. 14, pp. 2−3).

Global Brother now moves for leave to engage in limited, expedited discovery with Shopify to obtain identifying account, contact, billing, administrative, and login information sufficient to identify and locate the correct individual associated with the Shopify merchant account. (Doc. 14).

## II. ANALYSIS

Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery. That rule provides that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at

> stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"Under Rule 26(d)(1), a party generally may not seek discovery from any source before the Rule 26(f) conference absent an order of the court or other special circumstance. The court may grant a party expedited discovery prior to the Rule 26(f) conference upon a showing of 'good cause.'" *Strike 3 Holdings, LLC v. Doe*, No. 8:22-cv-1552-KKM-CPT, 2022 WL 2967419, at *1 (M.D. Fla. July 27, 2022) (internal citations omitted).

Through the motion and attached affidavits, Global Brother "has sufficiently alleged infringement; it does not have another way to discover the alleged infringer's identity to proceed with the litigation . . . ." *Strike 3 Holdings, LLC v. Doe*, No. 5:22-cv-144-JA-PRL, 2022 WL 952735, at *1 (M.D. Fla. Mar. 30, 2022). Global Brother attempted service using the address provided in the Shopify DMCA counter notice (Doc. 14, p. 2) and has reason to believe a prior service attempt reached a different individual who denies being the proper defendant (*Id.* at 2–3). The available public and service information is inconsistent and insufficient to enable Global Brother to identify and serve

the correct individual defendant. Global Brother has thus established good cause for expedited discovery.

Global Brother also demonstrated good cause to grant an extension under Rule 4(m) to extend the deadline for service. Global Brother acted diligently in attempting to locate and serve Billal Hossain. Global Brother's request for an extension to effectuate service on Billal Hossain until sixty days after Shopify produces records sufficient to identify and locate the defendant is **GRANTED**.

## III. CONCLUSION

Accordingly, it is **ORDERED**:

(1) Global Brother's Motion for Leave to Take Expedited Discovery and Extension of Time to Effect Service (Doc. 14) is **GRANTED**. Global Brother may serve Shopify with a subpoena to determine the identity and location of the merchant Billal Hossain. Global Brother must include a copy of the complaint (Doc. 1), the attachments thereto, and this order with the subpoena.

(2) Shopify must provide written notice to the merchant within twenty-one days of service of the subpoena, informing the merchant that identifying information has been requested under a Rule 45 subpoena and that the merchant has the right to challenge that subpoena. Shopify must also provide a copy of this order with the written notification.

(3) The merchant has fourteen days from the date of Shopify's written notification to move to quash or otherwise challenge Global Brother's subpoena. The merchant must serve a copy of his or her motion on both Global Brother's counsel and Shopify.

(4) Shopify must produce the subpoenaed information to Global Brother no earlier than twenty-one days after written notification is provided to the merchant. If, however, the merchant moves to quash or otherwise challenges the subpoena, Shopify must not provide the subpoenaed information until the court has resolved the merchant's challenge.

(5) The deadline to effectuate service on Billal Hossain is extended until sixty days after Shopify produces records sufficient to identify and locate the defendant.

**ENTERED** in Tampa, Florida on June 26, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge