**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GLOBAL BROTHER SRL,**
**A Romanian Societate cu**
**Raspundere Limitata,**

**Plaintiff,**

**v.** **Case No. 8:26-cv-1050-MSS-AAS**

**BILLAL HOSSAIN and**
**LIZBEEN LLC,**

**Defendants.**

**_______________________________________/**

**ORDER**

Plaintiff Global Brother SRL ("Global"), moves for a clerk's default against defendant Lizbeen, LLC ("Lizbeen"). (Doc. 17).

The Federal Rules of Civil Procedure provide for the entry of a clerk's default if a defendant fails to timely respond to a complaint. Fed. R. Civ. P. 55(a). If, however, the plaintiff failed to properly serve the defendant with process, the plaintiff is not entitled to a default entry despite the defendant's failure to timely respond. *See Onpower, Inc. v. United Power Line Contractors, LLC*, No. 2:15-cv-796-FtM-99MRM, 2016 WL 9049315, at *2 (M.D. Fla. Mar. 14, 2016) ("While Defendants have failed to file any documents in this case or otherwise defend this action as required by Rule 55(a), absent a showing by Plaintiffs that they properly effectuated service of process, an entry of default

by the Clerk is not appropriate against Defendant." (internal citation omitted). When requesting a default, the plaintiff bears the burden of establishing proper service of process. *Id.* at *1.

Global's process server served "Noelle Green as Executive Assistant for LIZBEEN LLC, at the address of: 7901 4TH ST N, STE 10564, ST. PETERSBURG, FL 33702," on May 15, 2026. (Doc. 10). Service of process on a limited liability company in Florida may be completed by "service on its registered agent designated by the limited liability company." FLA. STAT. § 48.062(2). If this service cannot be completed after one good faith attempt, the process may be served on (a) any manager of a manager-managed limited liability company, (b) any member of a member-managed limited liability company, or (c) any person publicly listed by the domestic limited liability company on its latest annual report. FLA. STAT. § 48.062(3)(a)–(c).

In this case, it is not apparent that Noelle Green is a member, manager, or otherwise publicly listed on Lizbeen's public report. The return of service only identifies Noelle Green as the "Executive Assistant" for Lizbeen. (Doc. 10). Even assuming Noelle Green may be properly served in this case, service on a manager is proper only after one good faith attempt to serve the registered agent has failed. *See* FLA. STAT. § 48.062(3); *McKesson Corp.*, 2024 WL 3495039, at *2. Here, there is no indication that any such attempt was made. Without proof of proper service, the requirement to respond to the complaint

is not triggered. *McGinnis v. Atlanta VBA Reg'l Off.*, No. 1:18-CV-762-SCJ, 2018 WL 7075145, at *1 (N.D. Ga. Nov. 15, 2018*)* (explaining that the requirement that the defendant respond to the complaint is not triggered when the plaintiff fails to comply with Rule 4).

Accordingly, Global's motion for entry of clerk's default against Lizbeen (Doc. 17) is **DENIED without prejudice**.

**ORDERED** in Tampa, Florida, on September 30, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge