**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GLOBAL BROTHER SRL,**
**A Romanian Societate cu**
**Raspundere Limitata,**

**Plaintiff,**

**v.** **Case No. 8:26-cv-1050-MSS-AAS**

**BILLAL HOSSAIN and**
**LIZBEEN LLC,**

**Defendants.**
**_______________________________________/**

**ORDER**

Plaintiff Global Brother SPL ("Global") moves for leave to effect substituted service on defendant Billal Hossain ("Hossain") through the Florida Secretary of State and for a further extension of time to complete service. (Doc. 18).

Global provides an extensive factual background concerning attempts to properly serve Hossain. (*See* Doc. 18). After previously failing to serve an individual believed to be Hossain, the court found the available information was insufficient to identify and serve the correct individual defendant, found the plaintiff had acted diligently, authorized expedited discovery from Shopify, and extended the deadline to serve Hossain until sixty days after Shopify produced records sufficient to identify and locate him. (Doc. 18, ¶ 5;

Doc. 15 at 3-5). Shopify subsequently provided responsive account records. Global used the information to propose a new summons, and on May 29, 2026, the Clerk of Court reissued a summons addressed to: Billal Hossain 7901 4th Street North St. Petersburg, FL 33702. (Doc. 12). On June 11, 2026, the process server returned the summons as unexecuted for the following reason: "Stated subject does not work at this office, they accept service for businesses at this address. Subject is not known personally at this office. No one at this office is allowed to accept personal service for anyone, they accept for business who pay for the services of a registered agent." (Doc. 13).

Global has attempted to contact Hossain through email, iMessage, and WhatsApp to request information relevant to procuring proper service. (Doc. 18-1, ¶ 6–7; Doc. 18-2). Global successfully contacted Hossain using the address "lizbeenllc@gmail.com" on May 21, 2026. (Doc. 18, ¶ 9). The sender signed off on the email "Md Hossain." (*Id.*). Further, on June 26, 2026, an email from the same address was signed as "Billal Hossain / Lizbeen LLC." (*Id.*). Global repeatedly requested information that would allow for successful service of process. (*Id.*). No valid physical address was provided. (*Id.*).

Federal Rule of Civil Procedure 4(e) governs service on an individual within a judicial district of the United States and provides that service of process may be accomplished by:

(1) following state law for serving a summons in an action

> brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Florida Statute § 48.161(2) provides when an individual conceals his or her whereabouts, a party, after exercising due diligence to locate and effectuate personal service, may use the substituted-service method specified in subsection one in any action in which the court has jurisdiction over the individual. FLA. STAT. § 48.161(2). Substituted service of process may be effectuated by sending a copy of the process to the office of the Secretary of State. FLA. STAT. § 48.161(1). The statute also provides the due diligence standard necessary to effectuate substituted service:

> (5) The party effectuating service is considered to have used due diligence if that party:
>
> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;
>
> (b) In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and
>
> (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably

> likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

FLA. STAT. § 48.161(5).

Here, the court concludes Global has provided sufficient evidence to establish due diligence and that substitute service is proper. *See Moonbug Entertainment Ltd. v. Long*, No. 6:24-cv-01876 CEM-LHP, 2025 WL 1083626, at *1-3 (M.D. Fla. Mar. 6, 2025) (authorizing substituted service through Fla. Stat. § 48.161(1) upon a finding of concealment and due diligence due to failed attempts at personal service despite email communications between the parties); *Vega v. PBS Construction LLC*, No. 6:23-cv-940-PGB-EJK, 2023 WL 6809633, at *3 (M.D. Fla. Oct. 16, 2023) (authorizing substituted service on Florida Secretary of State upon a finding of concealment and due diligence). Global has repeatedly attempted to contact Hossain through various channels to no avail. Global has made a diligent inquiry, reasonably employed the information at its command, and made service and investigative attempts appropriate to the circumstances. *See* FLA. STAT. § 48.161(5).

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff Global Brother SRL's Motion for Leave to Effect Substituted Service on defendant Billal Hossain (Doc. 18)

pursuant to Fla. Stat. § 48.161 is **GRANTED**.

(2) The deadline to effect service of process and to comply with the statutory requirements of Fla. Stat. § 48.161 is extended to **November 30, 2026**.

**ORDERED** in Tampa, Florida on September 30, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge